IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LARRY JAMES RAINEY** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.7:12-CV-190-O |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by Petitioner Larry James Rainey under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 16, 2014; and

3. The Petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on May 16, 2014.[1]

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated herein.

In his written objections, entitled "Affidavit of Truth" Rainey focuses on the fact that the magistrate judge noted that during the disciplinary hearing, there is an apparent break/stop during the recording. Rainey now argues for the first time that the stoppage of the recording during the disciplinary hearing itself amounted to a violation of due process of law. But this claim was not raised by Rainey previously in this proceeding, and the claim was not raised by Rainey prior to filing this suit. Before bringing a habeas petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle,* 585 F.2d 1297, 1299 (5th Cir. 1978). In order to satisfy the

---

[1] Within the extended time provided by the Court.

exhaustion requirement in a habeas corpus proceeding based upon a prison disciplinary proceeding, a prisoner must complete both steps of the TDCJ administrative grievance procedure. *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004). A review of the Step 1 and Step 2 grievances filed by Rainey shows that he did not assert any claim regarding the stoppage of the recording. Disciplinary Grievance Record ("DGR") included in the State Court Records, ECF No. 24, at 2-7. Thus, any such claim is procedurally barred.

Furthermore, a review of the recording of the disciplinary hearing shows that the stoppage of the tape did not deprive Rainey of the right to present evidence on his behalf. As found by the magistrate judge, Rainey's request to call a psychologist as a witness was denied by the hearing officer for other reasons. And, the magistrate judge determined that Rainey did not show that he was prejudiced by the absence of the psychologist's testimony because he wholly failed to allege or show with specificity what the uncalled psychologist would have testified to had the witness been called to testify. In his objections, Rainey does not provide any argument to challenge this determination. Thus, Rainey's objections are overruled.

It is therefore **ORDERED** that the findings, conclusions, and recommendation of the magistrate judge are **ADOPTED**.

It is further **ORDERED** that Larry James Rainey's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED.**

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. *See* Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitu-

tional right." 28 U.S.C.A. § 2253(c)(2) (West 2006).  A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Upon review and consideration of the record in the above-referenced case as to whether Petitioner Rainey has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the April 16, 2014 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and for the reasons stated in this order. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

It is further **ORDERED** that a certificate of appealability should not issue.

**SO ORDERED** this **16th day** of **July, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**